UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:   Bankruptcy Case No. 13-21283-PRW
         Chapter 7
ROBERT FRANCIS GILES,

    Debtor.

# MEMORANDUM DECISION AND ORDER
# OVERRULING DEBTOR'S OBJECTION TO TRUSTEE'S FINAL REPORT AND
# TO APPLICATION FOR COMPESNATION BY ATTORNEY FOR TRUSTEE

PAUL R. WARREN, United States Bankruptcy Judge

Before the Court for approval is the Chapter 7 Trustee's Final Report and Application for Compensation ("TFR" and "Application") (ECF Nos. 66-67). The Trustee TFR requests a commission totaling $6,769.75 under the formula provided by 11 U.S.C. § 326(a). The Application of McConville, Considine, Cooman & Morin, P.C. ("McConville") seeks a total attorneys' fee award of $10,000.00, consisting of $9,350.00 for 27.7 hours spent litigating in opposition to a State Court foreclosure judgment against property of the Estate and a flat fee of $650.00 for representing the estate in the sale of that property, known as 3 Lac Lane, Painted Post, New York ("Property"). The actual time value for those legal services totaled $15,370.00, which was discounted to a total of $10,000.00, in keeping with an agreement between the Trustee and the Debtor (ECF No. 66, Ex. A). In addition, McConville seeks reimbursement of expenses of $141.70 (ECF No. 66).

The Debtor, Robert F. Giles ("Debtor"), filed an objection to the TFR and Application, asserting that the legal fees and expenses are excessive and requesting a more detailed

1

explanation for certain time entries and expenses (ECF No. 71). Specifically, Debtor objects to the $603.74 charge for bank service fees. Debtor requests a "breakdown" on what claims were paid to the IRS, as he believes some taxes may have been paid that he is still disputing. With respect to the sale of the estate Property, Debtor objects to time spent negotiating the sale as well as the commission paid to the real estate agent, Richard Winters. Debtor questions whether $500 is a reasonable fee to redate an abstract and requests information regarding the "2001 Affidavit" (a real estate closing form) and "Exhibit B" (the list of expenses incurred by the McConville Firm). Further, Debtor states that he believes he may be double-billed for time expended by the Trustee and McConville, as attorney to the Trustee—without pointing to any particular time entry. The Debtor seems to take issue with the fact that the Trustee is seeking both a statutory commission and an award of attorney fees and expenses for litigation pursued on behalf of the Estate.

The Trustee filed a reply to Debtor's objection, verifying the basis for the Trustee's proposed distributions and addressing the Debtor's objections (ECF No. 77). With respect to the proposed distributions to the IRS, the Trustee indicates that those distributions are based on the verification provided by the IRS in response to his demand for confirmation of the actual amounts due on the IRS's filed proofs of claim. The IRS did not withdraw its proofs of claim and the Debtor did not file any objection to the IRS's claim. As to the attorney fees, the Trustee states the parties agreed to cap attorney fees at $10,000.00. As indicated in the TFR and Application, attorney fees relating to litigation (as to the validity of the Clancy Jack mortgage lien) totaled $9,882.50 but have been discounted by McConville to $9,350.00 (ECF No. 66, Ex. A, pg. 4). The only additional attorneys' fee is a $650.00 flat fee for handling the real estate closing of the estate Property (*Id.*). The Court would note that the total time value of services related to that

2

closing amounted to $5,487.50—significantly discounted by McConville to the $650.00 flat fee. The Trustee observes that he applied to the Court to employ the services of the real estate broker and that the sale of the Property was approved by the Court, after notice to the Debtor and all other interested parties. Neither Debtor nor any other party objected to the retention of the broker or the terms of sale for the Property (ECF Nos. 57, 61). The retention of the broker was approved by the Court, after reviewing the terms and finding those terms reasonable and customary (ECF Nos. 52, 55). Finally, the Trustee asserts that his "trustee's commission" is based on 11 U.S.C. § 326(a), and that McConville's requested compensation for legal services as counsel to the Trustee amounts to far less than the actual total time expended by the Trustee (and was both reasonable and necessary under 11 U.S.C. § 330).

The Court concludes that the Trustee's commission of $6,769.75 is reasonable and is based on the formula established under 11 U.S.C. § 326(a). The Court finds no reason to reduce the Trustee's commission on the facts of this case. The Court finds that the service charges imposed by the Trustee's depository bank ($603.74) are consistent with those typically charged Chapter 7 Trustee accounts based on the funds on deposit. The Court further concludes that the other expenses of administration (the realtor's commission, abstract redate cost, instrument survey) were reasonable and necessary under 11 U.S.C. § 330 and in keeping with this Court's Order (ECF Nos. 55, 61)—the Debtor's objections to the contrary are without any support beyond Mr. Giles' personal opinion. As to the compensation to McConville for legal fees ($10,000.00) and disbursements ($141.70) the Court finds—after careful review of the time sheets and expense details—that the legal fees and expenses are both reasonable and necessary under 11 U.S.C. § 330, and in keeping with the Court's Order appointing McConville (ECF No. 45). It appears that McConville's legal services resulted in release of the Clancy Jack mortgage

3

lien on the Estate Property, resulting in the recovery of sufficient funds to pay creditors in full, pay all costs of administration, and return to the Debtor the exempt sum of $7,432.73, plus the surplus sum of $16,251.07. The Court finds the Debtor's objections are not supported by the record.

Certainly, the costs of administration in a bankruptcy case can be expensive. In this case, the Debtor sought to relitigate a State Court judgment of foreclosure, after the Debtor had failed to defend that action. While the Trustee was unable to convince the State Court to vacate that judgment, he was successful in convincing the mortgagee to release its lien on the Property. The Trustee and his attorneys exercised considerable billing judgment in substantially reducing the attorneys' fees incurred in protecting both the Estate and Debtor's interest in the Property. The Debtor's claims about other potential buyers or a no-fee broker friend—even if true—were not raised by the Debtor prior to this objection, despite notice and opportunity to be heard on such issues (ECF Nos. 36, 43, 45, 55, 57, 60).

Having carefully reviewed the papers submitted, as well as the docket in this case, and after considering the arguments of the Debtor and the Trustee, the Court holds that Debtor's Objection (ECF No. 71) is **OVERRULED** as lacking merit and not supported by the record. The Trustee's Final Report and McConville's Application for Compensation (ECF Nos. 66-67) are **GRANTED** in all respects.

IT IS SO ORDERED.

Dated: August 20, 2015  _____/s/_____
 Rochester, New York   HON. PAUL R. WARREN
            UNITED STATES BANKRUPTCY JUDGE